Mathews, J.
delivered the opinion of the court. In this case the parties having submitted by a written argument of compromise, *246 all matters in dispute between them arising out of the pleadings in the case, to the arbitration and final decision of certain persons, three in number, as named in the act of submission, and they having made their award and judgment in pursuance of the powers granted to them and returned the same to the district court, to be homologated and rendered executory; the plaintiff, by his counsel, excepted to said award, and assigned as reasons against its validity the following:—
West’n District.

August, 1822.

1. That by the submission, the arbitrators were to meet and organize themselves to act on the third Monday in January, 1822, at the court house in St. Martinsville; and by the award rendered, it appears that the said meeting and award was held and made on the 4th of February, 1822.
2. That it does not appear, that said award was given in presence of all the arbitrators, and that all the arbitrators gave judgment together.
3. That by said submission all of the arbitrators ought to have concurred in opinion, and that the award of two is not binding on the plaintiff, &c.
The district court overruled these objec *247 tions to the award, confirmed and adopted it as the judgment of said court, &c., from which judgment the plaintiff appealed.
In the course of the trial in the court below, parole evidence was offered to show, that the arbitrators did meet on the day as directed in the act of submission; which being received, the plaintiff excepted to the opinion of the court by which it was admitted, on the ground of being contrary to written evidence, viz. the award and submission; the latter having pointed out the third Monday of January for the meeting of the arbitrators, and the former showing that they did not meet until the 4th of February following.
To come to a just conclusion on this bill of exceptions, it is necessary to ascertain whether or not arbitrators are bound to keep a record of all their proceedings, of every step taken by them in a cause previous to final award and judgment? We know of no law that requires such strictness of proceeding before judges appointed by the will of parties litigant, to settle their disputes and differences: and if arbitrators are not bound to keep a detailed written account of their meetings, adjournments, and all other proceedings *248 in a cause up to the final judgment, it is believed that no good reason exists for the rejection of proof of these circumstances by parole, whenever the situation of a suit requires it. We are therefore of opinion, that the district court was correct in admitting the testimony offered in the present case. It appears by this testimony, that not only the arbitrators met on the appointed day, but that the parties themselves were present, and on the same day substituted Muggah as an arbitrator in the place of Eastin, who was stated to be sick, as is shown by an additional article to the act of submission signed by said parties. The time limited within which the arbitrators were to have given their award and judgment, seems from the expressions in the submission, to have been the period of the meeting of the district court, subsequently holden for the parish of St. Martins; with this requisition they have complied, and on the ground of the time in which the award was made, all objections cease.
As to the second ground of objection, it is true that where “ several arbitrators are named by the compromise, they cannot give their award unless they all see the proceeding and *249 give judgment on it together; but it is not necessary that the award be signed by them all. Code 441, art. 29.
From the manner in which this provision of the Code is worded, it does not appear to us to have materially altered former laws on the subject of arbitration; no new principle is introduced, requiring unanimity amongst arbitrators, in order to render valid their decision. It suffices, that a majority concur provided that all be present at the time of making their award. The fact that all were thus present, in the case now under consideration, is clearly established by testimony, to which no exception was taken, and to which, it is believed, that none could have been legally supported.
The reason of the law which requires the presence of all when a case is submitted to more than one arbitrator, is clear and sound, viz. that the arguments of the dissenting arbitrator might have produced a change in their award and judgment.
The view which we have taken of the two first exceptions to the award in the present case, containing in our opinion an answer and *250 refutation to the third, it is considered useless to further notice it.
Brent for plaintiff, Brownson for defendant.
It is therefore ordered, adjudged and decreed, that, the judgment of the district court be affirmed with costs.
Porter, J. did not join in this opinion, having been of counsel in the cause.